**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELLODY WILLIAMS-HUNTLEY, Appellant, | DOCKET NUMBER CH-0752-19-0568-B-1 |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, Agency. | DATE: June 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mellody Estella Maria Williams-Huntley</u>, Carol Stream, Illinois, pro se.

<u>Amy Baines</u> and <u>Joshua P. Dehnke</u>, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed her misconduct-based removal. On petition for review, the appellant, among other things, attempts to justify the behavior underlying some of the charged misconduct. She also moves to disqualify or exclude the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

representatives from her appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  In support of her motion to disqualify or exclude the agency's representatives, the appellant argues, among other things, that the representatives committed errors in judgment and that a conflict of interest exists. *Williams-Huntley v. Social Security Administration*, MSPB Docket No. CH-0752-19-0568-B-1, Petition for Review (PFR) File, Tab 3 at 3. The Board's regulations provide for the disqualification of a representative based on a conflict of interest, as well as for the exclusion of a representative for contumacious conduct or conduct prejudicial to the administration of justice. 5 C.F.R. §§ 1201.31(b)-(c), 1201.43(d). The appellant, however, has not identified any conflict of interest involving the agency's representatives, and we discern none. The appellant has also not specified the error in judgment to which she refers, nor how any such error forms a basis to disqualify or exclude the agency's representatives. Further, though she repeats vague allegations of threats of bodily harm and identity theft she raised below, she previously explained that she had

not faced threats of bodily harm and that her concerns of identity theft did not relate to this appeal. PFR File, Tab 3 at 3; *Williams-Huntley v. Social Security Administration*, MSPB Docket No. CH-0752-19-0568-B-1, Remand File (RF), Tab 39 at 2. Accordingly, her motion is denied.[2]

¶3    On review, the appellant makes two arguments which she did not raise below. Because she does not show these arguments are based on new and material evidence not previously available despite due diligence, we need not consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In any event, they would not afford any basis to grant the petition for review.

¶4    The appellant's first new argument is that she was allowed to wear a hat at work as long as it did not obstruct her view of agency computers, and thus the agency failed to prove one of its specifications under the conduct unbecoming a Federal employee charge. PFR File, Tab 1 at 6. The specification did not just allege that the appellant wore a hat but that she wore a hat with paper notes attached, along with a garbage bag. RF, Tab 56 at 6. The appellant's supervisor —whose declaration the administrative judge credited in sustaining the specification regarding the appellant's headwear—explained that the appellant wore those items on a day she was assigned as a back-up receptionist and that he was concerned about interactions she would have with the public. RF, Tab 45 at 5, Tab 57, Remand Initial Decision (ID) at 8. The appellant's claim that she was allowed to wear a hat at work thus fails to counter the gravamen of the specification.

¶5    The appellant's second new argument is that her approval for the agency's identity protection program (IPP)—a program designed to preserve the anonymity

---

[2] To the extent the appellant suggests that the agency's representatives were improperly designated because they were not members of a bargaining unit while she was in a bargaining unit, PFR File, Tab 3 at 3, she has not explained the legal basis for her claim. Similarly, she has not explained how it was improper for the agency to rely on non-bargaining unit members and even non-Federal employees to prove its case. *Id*. Thus, her claims form no basis to grant her motion or disturb the initial decision.

of agency employees who believe disclosure of their work location or phone number would risk harm—explains her belief that "impersonators were hired under [her] credentials." PFR File, Tab 1 at 6, Tab 3 at 5-6. But the approval of the appellant for the IPP does not mean that her claims regarding "impersonators," relevant to several of the charged specifications, were credible or not concerning. RF, Tab 56 at 6-7. The administrative judge credited the appellant's supervisor's declaration to find that the appellant's claims that she was being impersonated by another employee were distracting and hampered the supervisor's ability to perform his duties. ID at 8-12. In light of the implausibility of the appellant's impersonation claims, her IPP argument provides no reason to determine the contrary.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] The appellant's reply to the agency's response to her petition for review is not limited to the factual and legal issues raised in the agency's response, and thus, we will not consider evidence or arguments first raised in the reply. PFR File, Tab 6; 5 C.F.R. § 1201.114(a)(4); *see Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.4. Even if we did consider such evidence or arguments, they are either inaccurate, irrelevant, or, like the claim she raises that the deciding official lacked authority to remove her, unsupported.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.